**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Atlantic Administrators
Insurance Agency, Inc. &
Brokerage Concepts, Inc.

    v.                                        Civil No. 06-cv-230-JM

Melcher & Prescott Agency, Inc.


**O R D E R**


Plaintiff Atlantic Administrators Insurance Agency, Inc.,
("Atlantic") is a wholly owned subsidiary of plaintiff Brokerage
Concepts, Inc. ("BCI") and administers self-funded health care
benefit plans.  Defendant Melcher & Prescott Agency, Inc. ("MPA")
is a brokerage firm that arranged for Atlantic to administer the
self-funded plans of two parties not involved in this action, the
City of Laconia and the Laconia School District (jointly referred
to hereinafter as "Laconia").  One of MPA's brokers, Alexander
Ruch ("Ruch"), acted as Laconia's agent to obtain contracts for
Atlantic to provide certain administrative services for Laconia's
health care benefit plans from July 1, 2002 until June 30, 2004.
During the course of negotiating and obtaining those contracts,

Ruch made several misrepresentations related to the costs associated with funding the plans, which allegedly caused Laconia to underfund them and lose nearly $3 million.  In a separate action pending before this court, see City of Laconia and Laconia Sch. Dist. v. Atlantic Adm'rs Ins. Agency & Brokerage Concepts, Inc., Civil No. 05-306-JD (the "Laconia litigation"), Laconia sued Atlantic and BCI to recover the money lost due to their alleged failure to discover and/or inform Laconia of Ruch's misrepresentations.  Plaintiffs brought this action against MPA to recover losses sustained because of the terminated contracts and the Laconia litigation.  Currently before the court are defendant MPA's motion to dismiss the complaint (document no. 13) and plaintiffs' motion to amend the complaint (document no. 17). Each motion is disposed of as set forth below.

**1.   Motion to Amend (document no. 17)**

Plaintiffs move to amend the complaint pursuant to Fed. R. Civ. P. 15(a).  Defendant objects and raises two arguments in support thereof.  First, defendant argues the fully briefed motion to dismiss should be decided before the amendment, which bolsters the allegations pertaining to the alleged express indemnification agreement, can properly be considered.  Second,

defendant asserts that plaintiffs seek to advance a different
theory in support of their claim for tortious interference with
contractual relations.  Defendant contends the originally pled
claim for tortious interference with contractual relations fails
to state a claim and that the amended claim fails to cure the
defect in the original complaint, rendering the amendment futile.

A complaint may be amended after an answer has been filed by
leave of court, which "leave shall be freely given when justice
so requires."  See Fed. R. Civ. P. 15(a).  Among the factors to
consider when deciding whether to grant the motion are "'"undue
delay" in filing the motion and "undue prejudice to the opposing
party" by virtue of allowance of the motion."'"  Invest Almaz v.
Temple-Inland Forest Prods. Corp., 243 F.3d 57, 71 (1st Cir.
2001) (quoting Acosta-Mestre v. Hilton Int'l, 156 F.3d 49, 51
(1st Cir. 1998) (quoting Foman v. Davis, 371 U.S. 178, 182
(1962))).  "'[B]ad faith or dilatory motive on the part of the
movant, . . . [or] futility of amendment'" are also relevant to
the analysis.  Newcare Health Corp. v. Midway Healthcare Ctr. (In
re Newcare Health Corp.), 274 B.R. 307, 311 (Bankr. D. Mass.
2002) (quoting Foman, 371 U.S. at 182).

Defendant fails to support its opposition to the amendment

with any showing of plaintiffs' undue delay, bad faith or
dilatory motive that would somehow prejudice defendant if the
amendment were allowed.  This is plaintiffs' first attempt to
amend their pleading, filed approximately eight months after the
original complaint was filed and two months after defendant's
motion to dismiss was filed.  Responding to problems in a
pleading that are identified in a motion to dismiss is an
appropriate reason to amend a complaint.  See e.g. DM Research,
Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 56 (1st Cir.
1999) (explaining plaintiff could have responded to the arguments
for dismissal with an amendment to the complaint to provide "the
district court with additional facts to make its complaint
concrete and plausible"); see also In re Biopure Corp. Derivative
Litig., 424 F. Supp. 2d 305, 307 (D. Mass. 2006) (granting leave
to amend to bolster allegations in complaint with additional
facts); cf. In re Stone & Webster, Inc. Sec. Litig., 217 F.R.D.
96, 98-99 (D. Mass. 2003) (denying motion to amend where
plaintiffs failed to cure defects until after motion to dismiss
decided).  The proposed amendment raises no new claims or
parties.  No substantive rulings on any of the claims have yet
been issued.  Discovery is ongoing.  At this initial stage of

litigation, with no indication of any prejudice to defendant, leave to amend the complaint is readily justifiable.

I also am unpersuaded by defendant's futility argument. Comparing the original and proposed amended complaints, the only difference between the tortious interference with contractual relations claim is the addition of the clause "thereby causing the City and the District to terminate their contracts with Atlantic Administrators."  See Complaint, ¶ 47 and Amended Complaint, ¶ 48.  To state a claim for tortious interference with contractual relations, plaintiffs must allege: "(1) the plaintiff had an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant *intentionally* and *improperly* interfered with this relationship; and (4) the plaintiff was damaged by such interference."  Hughes v. N.H. Div. of Aero., 152 N.H. 30, 40-41, 871 A.2d 18 (2005) (emphasis in original).  By alleging that MPA knew of Atlantic's contracts with Laconia and improperly interfered with them when Ruch misrepresented critical financial details to Laconia, which caused Laconia to terminate its relationship with Atlantic and which, in turn, caused plaintiffs to lose profits, plaintiffs have asserted sufficient facts to state a claim for tortious

interference with contractual relations.

     The insertion of the clause pertaining to Laconia's decision
to terminate the contracts with Atlantic does not alter the
analysis of whether of not plaintiffs have stated a viable claim
for relief.  Defendant argues the contract term expired on June
30, 2004, so Laconia's decision not to continue to do business
with Atlantic for a new term beginning July 1, 2004 fails to
state a claim for tortious interference with contractual
relations, because the contract was ending by its own terms.  All
of the factors that influenced Laconia's decision not to continue
to do business with Atlantic are not entirely clear in either the
original or the amended complaint, but they do not have to be.
The allegation that Ruch's conduct caused Laconia to stop doing
business with Atlantic sufficiently puts defendant on notice of
the charges lodged against it to clear the low threshold of a
"short and plain statement of the claim showing that the pleader
is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Defendant has
failed to demonstrate that the proffered amendment would be
futile.  Cf. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49,
59 (1st Cir. 1990) (denying motion to amend where the proffered
facts would not cure the claims' defects); see also Norton v.

<u>Caton</u>, No. 04-cv-439-JD, 2005 WL 1009544, at *4 (D.N.H. May 2, 2005) (same).

Plaintiffs' motion for leave to amend (document no. 17), therefore, is granted.  The clerk's office is ordered to docket the Amended Complaint, which shall be the controlling pleading in this action.

### 2.  Motion to Dismiss (document no. 13)

Because plaintiffs' motion to amend is granted, defendant's pending motion to dismiss the original complaint (document no. 13) is denied as moot, without prejudice.  <u>See</u> <u>e.g.</u> <u>Caton v. Norton</u>, 2005 WL 1009544 at *3 (allowing motion to amend can moot pending motion to dismiss); <u>Portfolioscope, Inc. v. I-Flex Solutions Ltd.</u>, 473 F. Supp. 2d 252, 254 (D. Mass. 2007) (same).

**SO ORDERED.**


/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge



Date:   June 29, 2007

cc:  William D. Pandolph
     Mark L. Mallory